We'll resume arguments with number 2311703 Jamal Bilal v. Jeffrey Benoit at OWL. Mr. Belin, you may begin. Good morning. May it please the Court. My name is Bobby Belin, and along with my co-counsel Natalia Moody, I represent the appellant Jamal Bilal. Mr. Bilal spent 20 years at the Florida Civil Commitment Center based in part on convictions that belonged to somebody else. While he was there, he was periodically transferred to prisons or jails, which he says were not the least restrictive means for housing him. Within two years of being released, Mr. Bilal sued Dr. John Hodges, the Escambia County Sheriff, and others in state court under Section 1983 for malicious prosecution and 14th Amendment claims. The defendants removed the case to federal court and it dismissed his complaint by finding that his malicious prosecution claims were barred by Heck v. Humphrey, as well as the four-year statute of limitations, and that his relevant jail stays were too short to state a 14th Amendment claim. The district court also concluded that it had the inherent authority to dismiss all claims against the unserved defendants as frivolous. We respectfully ask this court to reverse those decisions. Let me ask you one question sort of right out of the gates about Heck. You argue, you don't argue that you can meet the Heck bar. You argue that the Heck bar does not apply to your client. If we decide that the Heck bar applies to Mr. Bilal at a threshold, do you lose? We, I'd like to think about that, Judge, and would be happy to have my co-counsel answer that question on rebuttal with the court's permission. But Your Honor is correct that we argue that the Heck bar does not apply to Mr. Bilal's case for two reasons. First, because the defendants did not raise it below and thus forfeited it as an affirmative defense. And secondly, that Mr. Bilal was no longer in custody when he filed his complaint, and so Heck does not apply to his case. To my first point about Heck, Heck is an affirmative defense, not a jurisdictional bar, and thus the defendants forfeited it by not raising it below. I want to talk about the language of the Supreme Court in Heck that characterized it as one element that must be alleged in a malicious prosecution case. I'm sorry, could you repeat the question? The Supreme Court said it was one element that must be alleged in a malicious prosecution case, indicating that Heck is not an affirmative defense, but rather an element. Judge Pryor, I would point to the Supreme Court's cases Nance and Wilkinson, which has stated that Section 1983 contains an explicit exception for actions that lie within the core of habeas corpus. And so where habeas is not available, Section 1983 must be, and considering that Mr. Bilal was not in custody at the time he filed his complaint, Heck does not apply to his malicious prosecution claim. But is that a different question from whether it's an element or an affirmative defense? Could you explain that? Yes, that is different, but I would also look to this Court's decision in Teague v. City of McDonough, which describes that Heck deprives a plaintiff of a cause of action, and not that it deprives this Court of jurisdiction. And if this Court does find that Heck is an element that Mr. Bilal would have to prove on remand, then proceeding to summary judgment, then we could do that below. So your argument is whether it's an element or an affirmative defense, it doesn't apply because it's an habeas remedy here? Yes, that's correct, Judge. That's correct, Judge. I'd like to move to statute of limitations unless the Court has any further questions about the Heck issue. Before you do that, tell me what is the malicious prosecution? Is it some criminal conviction he had in the past? Is it the civil commitment? I'm trying to understand, what is the government action that is the malicious prosecution? Because there are claims all over the place. Yes, Judge. What is the malicious prosecution? Yes, Judge, the malicious prosecution is that... What is the core state action that's the malicious prosecution? Yes, somebody from the Escambia County Sheriff's Office slipped in child rape convictions belonging to somebody else, Eddie Lee Banks, into Mr. Bilal's file, and Mr. Bilal alleges that he was civilly committed for 20 years based in part on those convictions. So, is the civil commitment then, that's the erroneous civil commitment based on the Banks criminal case, Milo's getting in his civil file? Yes, Judge. Because it's not, it can't be the slipping in the Banks, that's not it, material. You're saying it's the commitment itself? Yes, the commitment... So, the malicious prosecution is just the civil commitment being wrongful? Being wrongful because he remains committed based on these convictions that belong to somebody else. So, Mr. Bilal agreed to be committed in 2001, and he, on the conditions that he would be up for review every six months, and as well as not being labeled a sex offender upon release from commitment, but he did not receive reviews every six months. He did not receive a review until 2007, where Judge Terrell found that it was unlawful to have these Eddie Lee Banks convictions in his file, and thus he ordered the Sheriff's Office to purge those files, or rather those convictions from his file. But Mr. Bilal alleges that the defendants continued to rely on these convictions to keep him committed until May 2019. But you pointed to, in response to Judge Hull's question about what is the malicious prosecution, and you pointed to the inclusion of Mr. Banks' convictions in your client's file, but if those were purged in 2007, but his civil commitment didn't end until, you said... 2019. If he was aware of the Banks convictions being included in his file, and if they are purged in 2007, how do we not have a statute of limitations problem? Well, Judge, while Judge Terrell ordered the convictions to be purged from his file, Mr. Bilal alleges that they were never removed, or at least that the defendants continued to rely on them to keep him committed. And so considering, for statute of limitations purposes, the continuing violation doctrine, the unlawful conduct of continuing to use this other person's convictions to keep Mr. Bilal committed until 2019 would mean that under this doctrine, the statute of limitations would not begin to run until 2019 with Mr. Bilal. Why did the defendants continue to rely on them after they were purged? I'm sorry, Judge? Why did the defendants continue to rely on him after they were purged? Well, we are at the motion to dismiss stage, Judge, but... It's an allegation. Yes, but Mr. Bilal plausibly alleges that defendants continue to rely on these convictions, and we can also even look to Florida's own Corrections Offenders Network, which still lists Eddie Banks as an alias for Mr. Bilal. So it is plausible to allege that these convictions were still playing a role in keeping Mr. Bilal committed for so many years after 2007. So does the complaint or amendments to the complaint allege anything other than the conclusory statement that the defendants continue to rely on him? Does it point to dissent or anything else that you allege you can prove to show the defendants continue to rely on him as opposed to his conduct that allegedly gave rise to the civil commitment to begin with? Well, Mr. Bilal... No, I meant the allegations in the, is it amended complaint? Yes, the amended complaint docket entry. Not in the amended complaint, besides the conclusory or summary allegation that defendants continue to rely on is in the complaint that might show they did. Mr. Bilal does not have evidence yet at this stage of the litigation, but does point out that these files were always, remains a material, rather these convictions were always a material part of his file, and if getting to discovery he would hope to be able to show. What the judge who issued the report and recommendation and the district court adopted in dealing with the motion to dismiss looked into the court records below to see if the Eddie Banks documents were being used to keep him civilly committed and determined that there was no evidence that that was the case and the court took judicial notice of those documents, and now you have objected to the courts taking judicial notice, but isn't it true that there was no objection made by the client to the report and recommendation based on the authenticity or the accuracy of the documents that the magistrate judge was looking at? I would disagree, Judge. No, Mr. Bilal did object to the magistrate judge's use of taking judicial notice of those state court records. He said at— Did he object to the authenticity or the accuracy? He, in his objections, he referenced the 19, quote, the 19 years period that he illegitimately spent in civil commitment as Eddie Lee Banks. But the magistrate judge was looking at specific documents of the court and no objection was raised that these documents were in any way inauthentic or inaccurate, correct? No, Mr. Bilal was also considering the fact that he was pro se, but I think what he was trying to say is that he remains committed as Eddie Lee Banks despite the fact that these post-2007 detention orders that the district court judicially noticed did not explicitly mention Eddie Lee Banks' convictions. He still maintains that they were still considered in keeping him committed. So they do not support the point for which the district court relied on these state court documents to say. Thank you. Good morning. May it please the court. Terese Savona on behalf of Dr. Hodges. There are two grounds for this court to affirm that were touched on by this panel in discussion with my colleague on the other side. One, the statute of limitations, and two, the United States Supreme Court of Heck v. Humphrey. To start backwards with Judge Branstad's question about the judicial notice, there was no objection that the documents that were judicially noticed, whether they were inaccurate or they were not authentic, they were, in fact, documents of Mr. Bilal's state claims or federal claims that Mr. Bilal himself had brought. To hold to your question, there is no indication other than a conclusory statement in the amended complaint that anything related to Mr. Banks' convictions were considered post-2007. It is clear in November of 2007 when Mr. Bilal filed a motion in the state court in his commitment proceeding that the judge issued an order saying in the event they are in there, they shall be prohibited from being considered. And if they were considered on the initial assessment and evaluation for purposes of the civil commitment, then Mr. Bilal would need to be immediately reassessed and reevaluated with that assessment or evaluation to be provided to counsel and to parties. After that, in 2007, it goes quiet as to what it is that related to Mr. Banks' convictions. So the statute of limitations began to run in 2007 when it was clear that Mr. Bilal was aware of his rights, aware of the issues, and aware of the concerns that he had related to the commitment. Another point on his civil commitment was the civil commitment was not based on Mr. Banks' convictions. They were based on a plea that Mr. Bilal entered into related to a sexual battery that occurred in the 1980s. I would like to move on to this course discussion related to Heck v. Humphrey. Whether statute of limitations has long since passed or whether, heck, either are grounds why dismissal was appropriate, Heck requires a district court to consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of a conviction or judgment or sentence. And that's what the district court in this case did, looked at the factual allegations as pled in this case and determined that the factual allegations were ones that necessarily imply that his sexual battery charge from the 1980s, that that was trying to be undone, or that the civil commitment itself was trying to be undone. And the concern there, of course, is making sure that judgments are final, making sure that there's not friction between federal and state courts or a conflict between civil and criminal. But Mr. Bilal argues that because he's not in custody, his only remedy is Section 1983 rather than habeas, in which case the Heck bar might not apply. What's your response to that argument? Heck does not solely relate to imprisoned or incarcerated individuals. I do acknowledge that the plaintiff in Heck was incarcerated at the time. The only indication that Heck would not apply to someone who's not in custody is language that was discussed in a later Supreme Court case of Spencer v. Chemna by Justice Souter and his concurrence. And there has been discussion by other circuits, and even in this circuit, of whether that effectively demonstrates a shift by the U.S. Supreme Court and a shift in their precedence. However, Heck does not say that. Heck does not say it is limited to individuals who are in custody solely because they have the habeas relief. We have a published case, Hardin v. Pataki, which holds in the Heck context that if a plaintiff doesn't have a habeas remedy, they have to have a 1983 remedy. What do you say about that case? Hardin v. Pataki discussed procedural attacks related to extradition rights. And in a subsequent opinion in Vickers v. Donahoe, which I acknowledge is an unpublished decision by this court, Vickers barred a claim under Heck with the distinction that Hardin involved procedural attacks. Whereas in Vickers, it was the factual claims that demonstrated that the plaintiff was seeking to invalidate a criminal conviction. So I don't think a ruling in favor of the appellees in this case would affect the ruling of this court in Hardin. How does it amount by the unpublished case?  The argument is that that's persuasive as to why Hardin might not apply? The argument related to Vickers is that Vickers is taking the language from Heck, which is a district court must dismiss if a judgment in favor of the plaintiff would seek to or imply the invalidity of a criminal conviction. So that's the difference is Hardin was more procedural versus undoing or seeking to undo the criminal convictions or the sentence or the confinement. And I would like to point to the court to Mr. Ballal's amended complaint where he pled that he was quote factually innocent of the 1982 sexual battery. That is the crime that served as the basis for his civil commitment under Florida's Jimmy Rice Act. That is a crime that Mr. Ballal pled to and served time in jail for. So looking at that, that makes it different than Hardin and falls under the exact language of Heck. So I don't think this court runs into any disagreement with itself related to Hardin because, again, the concern in Heck is what is the basis for the claims, how are the claims pled, and what it is that is a basis for the 1983 claim as pled in that specific case by that specific plaintiff. Let's just assume that for this hypothetical that we agree with Mr. Ballal that Heck does not apply to him. Do we have to reverse the district court's dismissal of his claims, or has he otherwise plausibly stated a claim for malicious prosecution? He has not, and you do not have to reverse. Under one reason, Judge Branch, is Heck says that essentially even if the case could proceed, if Heck doesn't bar a cause of action in the absence of another bar, and we have raised the statute of limitations bar, point number one. Point number two, as it relates to malicious prosecution, there needs to be a favorable termination, a bona fide termination. There has been no instance or allegation that Mr. Ballal's sexual battery charge was ever reversed, overturned, otherwise called into question. What the price of malicious prosecution was, was it sexual battery or is it a civil commitment? He says it's a civil commitment, but that's not been overturned either. Correct. So I want to know what is the malicious price. Before time runs out, the district court dismissed with prejudice the claims against unserved defendants. That seemed wrong. I just want you to reply. I mean, I don't know how you dismiss with prejudice claims against people who never served, never appeared. You just dismiss them without prejudice. They're probably caught by the statute of limitations now, but do you agree that prejudice was wrong on unserved defendants? To the extent that it does not affect my client, I did indicate in the answer brief that a case can be barred against unserved defendants if it is frivolous, and a claim that is barred by the statute of limitations is frivolous. I also would like to note, Judge Hall, that any claims that would have been state claims. You're saying that on unserved it was frivolous, so it should be with prejudice. Yes, Your Honor. And to the extent that there were any state claims as it relates to Dr. Hodges, the sheriff, or any of the unserved defendants, the district court did remand those state claims. I'm not talking about unserved defendants. Understood. We would ask this court to affirm. Thank you, Your Honors. May it please the court. My name is Alyssa Yarbrough, and I represent the Escanabia County Sheriff's Office, or rather the sheriff in this matter. The district court did not err, nor did it abuse its discretion when it dismissed with prejudice Mr. Belal's amended complaint. Because any additional amendments, as evidenced from the record, because there were two additional amended complaints submitted by Mr. Belal after ECF-16, which is the operative complaint in this case, any additional amendments would have been futile because there are no facts that can be alleged that would state a claim upon which relief can be granted because the claims stem from the criminal conviction that occurred from the 1982 rape wherein Mr. Belal entered a plea agreement to that charge. The district court has If I ask what is the malicious prosecution, because I agree with you, that hasn't been terminated in his favor. The criminal conviction stands. So he seems to be saying, well, the malicious prosecution is the civil commitment. Correct, and if he's addressing the civil commitment, the civil commitment occurred in 2001 when he entered into a settlement agreement voluntarily submitting to treatment and commitment to the FCCC. If it addresses the civil commitment, the civil commitment was based on that 1982 rape case. So everything here goes back to that 1982. The civil commitment was voluntary because that was part of the sentence. Was that part of the sentence or was it just voluntary? It was not part of the sentence. It occurred years later. Once the Jimmy Rice Act was enacted in January of 1999, the State sought to civilly commit Mr. Belal when he was in What kind of procedure was that, the first civil commitment? The civil commitment? Under what authority did the State seek to civil commit him? Under the Jimmy Rice Act. The Jimmy Rice Act. I don't have the statute number off the top of my head. I'm sorry. I don't know. What did the Act do? It allowed people who were previously convicted of violent sexual offenders to be civilly committed, and the State sought that petition on August 25th of 1999 prior to Mr. Belal being released from his criminal conviction, like custody from his criminal convictions. And further to that Not criminal custody, civil custody. Yes, Your Honor. And further to that point, the civil commitment, while it ended in 2019, has never been overturned or found to be invalid. So his civil commitment from the start of the process in 1999 through his release on May 23rd of 2019 were valid civil commitments. He was released as evidence. We submitted all of the documents that the District Court relied on to this Court, and it is the order, the very last document, Exhibit V under, I think, DOC 41, for you all. In that order, the Court specifically stated that the State just no longer could meet their burden by clearing convincing evidence to maintain Mr. Belal in the civil commitment facility. But it didn't make any determination regarding the validity of the civil commitment starting in 1999 that was involuntarily entered into by Mr. Belal in 2001. Mr. Belal argues that the civil commitment is a continuing violation, and Section 1983 directs us to look at the type of injury when we're determining when a cause of action accrues. We have characterized civil commitment as a continuing violation. Do you have any response to that argument? Yes, Your Honor. So in this particular case, it would not have been a continuing violation because the violation alleged by Mr. Belal occurred when the records from an Eddie Lee Banks were inadvertently placed into his file by two unknown employees of the Escambia County Jail. But what about the type of injury that he continued in civil commitment for the whole period of time until 2019 when he was released? Because the civil commitment has never been invalidated. So there was no injury for his civil commitment. His civil commitment was voluntarily entered into by him. So while it continued, it continued with due process. He was entitled to the reviews. He went before the hearings. And I believe it is exhibits connected to that DOC 41. Exhibits L through U all relate to the most recent commitment proceedings that he was entitled to. So the injury wasn't continuing because he was entitled to those due process claims. And furthermore, as far as the sheriff's position, that doesn't relate to any claim that could potentially be alleged against the sheriff. The claims against the sheriff potentially are a malicious prosecution claim, which he cannot satisfy all six elements which are required under this court's precedent and under Florida precedent. And furthermore, the 14th Amendment claims regarding the jail housing, there are no allegations, nor can there be any allegations, that the jail was, that the housing at the jail was improper in his civil commitment proceedings because he was there strictly for attending those hearings. Period of time, so that's another whole issue. But tell me when the records got into his file and when they were expunged just to make sure I know the time frame. Plaintiff is alleging that the records were put into his file and that he was aware of them as early as 2000. He then entered into the voluntary commitment in 2001, August of 2001, which is also a record before this court. And then in 2007, Mr. Ballal filed a motion with the court referencing the Eddie Lee Banks records, the state court, and then the state court entered an order in November of 2007 to take the records out and instructing that an evaluation be conducted if the records had ever been relied on. So really, the only way he gets past the statute on the continuing violations is this argument that they continue to rely upon it, you know, going past 2007 to 2019. Correct, Your Honor, and there is no evidence of that. We've seen... There aren't any. I'm waiting for the motion to dismiss. There's no allegation other than the conclusory allegation, which is not sufficient to state a plausible claim of action against, one, the sheriff, because there's no allegation here that the sheriff did anything. Monell would not apply. It's pretty well settled that Respondent Superior liability does not apply to Monell claims, and I see that I'm over my time. May I finish my response? Yes. And there's no allegation, nor could there be an allegation, that any policy or procedure of the sheriff led to this. And in relation to any of the claims against the jail, the sheriff was not in control of the jail, and it would have been probably potentially, if there was a claim brought against the State, who was responsible for transporting Mr. Ballal. How much people served Hodges and the sheriff's office? Yes, Your Honor. The sheriff would ask that the Court affirm the district court. Thank you for your time. Thank you, Your Honors, and may it please the Court. My name is Natalia Moody, also on behalf of Appellant in this case. I would like to begin with Judge Hull's question regarding the malicious prosecution. Now, to answer your question, the procedures themselves were the malicious prosecution, and it was the use of the Addie Lee Banks convictions against him, which is the continuing violation that the Court is here to address today. Now, this Court has acknowledged in Smith v. Shorstein that the claim does not begin to accrue until the unlawful conduct ceases. Now, the unlawful conduct ceased May 19th. The procedures themselves are the use of the records. So it's not the civil commitment, it's the use of the procedures of putting the sheriff's deputy, putting the Banks records in his file? The civil commitment and, yes, the repeated times that they first put it in his file and then continued to rely on them to continue to house Mr. Ballal. And that relies on whether his allegation that the information remained in the file and continued to be relied upon is plausible, and we can accept it as true. That is correct, Your Honor, and it is plausible because they put it in the file in the first place. That is what makes it plausible, as well as the fact that in 2007, Judge Terrell did have to order that they be purged from his file. However, they continued to rely on them throughout the entirety of his The defendants in this case, Your Honor, that continued to house him, including Dr. Hodges. How did Dr. Hodges continue to rely upon it? Can you tell me how he continued to rely upon it? It is in continuing to house Mr. Ballal and having the convictions remain in his file and then going from each biannual review that did not materialize. There were not biannual reviews at all, in fact. His claim was not reviewed until 2007, and then we see 2013, 2017, and then twice in 2019. And they still civilly committed him. I mean, they continued the commitment, correct? Yes, that is correct, Your Honor. It continued, and it is what Mr. Ballal alleges today, is that it was never purged from his file and that they continued to rely on the allegations past 2007. Also, addressing Judge Brandt, your question regarding the Heck v. Humphrey bar, we would not lose on Heck because the 2007 Judge Terrell order satisfies the favorable termination requirement under the malicious prosecution claim, as well as the fact that in Heck v. Humphrey, opposing counsel mentions the court was concerned with finality and inconsistent judgments. However, where Mr. Ballal is no longer in custody, there is no longer the concern of having inconsistent remedies. Even looking to the language of 1983 itself, it is a broad remedy available for plaintiffs to bring these claims. Now, looking to the Nance v. Ward and the Wilkerson cases before the United States Supreme Court, those cases have suggested that habeas is a mere exception, an implicit exception, and the Heck v. Humphrey bar itself is a judicially created exception, rather than a jurisdictional bar to suggest it is affirmative defense, as well as it is not something that bars Mr. Ballal's claim before the court. And that is why we ask that this court reverse and allow this case to move forward towards discovery. Thank you, Your Honors. Thank you. I'd just like to recognize the participation of the University of Georgia Law School Clinic, supervised by Professor Birch. We appreciate your help, and we appreciate the arguments of both counsel. Thank you.